# WHEELING.

FRESHWATER VS. PITTSBURGH, WHEELING AND KEN-
TUCKY R. R. CO.

1873.
June Term.

GEORGE FRESHWATER, PLAINTIFF AND APPELLEE,
*against* THE PITTSBURGH, WHEELING AND KEN-
TUCKY RAILROAD COMPANY, DEFENDANT AND
APPELLANT.

6   503
37   493

## Decided July 17th, 1873.

## SYLLABUS.

1. In considering and determining an appeal from an order of a judge
of a circuit court allowing an injunction, the bill being properly
verified by the affidavit of the plaintiff, and the proceeding being
altogether *ex parte*, the appellate court must take and consider
the allegations of the bill as being *prima facie* true.

2. Taking the allegations of the bill as being *prima facie* true, the or-
der of injunction appealed from, was properly made, sufficient
equity appearing on the face of the bill.

1873.
June Term.

3. On an appeal from a preliminary order of injunction, made by a judge of a circuit court, in vacation, the appellate court will not consider any depositions in the cause taken by the appellant subsequent to the time such order of injunction took effect.

The case is stated in the opinion of the Court.

*Pendleton* for Appellants.

*Lloyd* for Appellee.

HAYMOND, President.

This is a bill of injunction filed by the Plaintiff against the Defendant in the Circuit Court of the county of Brooke.

The Plaintiff in his bill alleges substantially that he is the fee simple owner of a tract of 160 acres, more or less, situated in said county. That the Defendant is a corporation authorized by the law to construct a railroad in this State. That on the 3rd day of December 1869, the Defendadt served a notice on the Plaintiff, that application would be made for the appointment of commissioners to ascertain a just compensation to the Plaintiff, for the tract or parcel of land which the Defendant proposed to take and appropriate for the purpose of locating and constructing a railroad thereon, called the Panhandle Railroad. That on the 24th day of December 1869, the Defendant filed its written application in said Circuit Court for the appointment of commissioners for the purpose aforesaid. That among other things the application discribed the land of Plaintiff which Defendant proposed to take and appropriate for the purpose of its road. That afterwards such proceedings were had in the matter of said application, that the Circuit Court appointed five disinterested freeholders of said county for the purpose aforesaid. That afterwards, the commissioners having been qualified according to law, entered upon the discharge of their duties as such, and on the —— day of April 1870, after having viewed the land of

1873.
June Term.

Freshwater
v.
Pittsburgh,
Wheeling &
Ky. R. R. Co.

Plaintiff, proposed to be appropriated by the Defendant for said railroad, ascertained that $499.40 would be a just compensation for so much of said land as is proposed to be taken by the Defendant, as well as for the damages to the residue of the land beyond the peculiar benefits &c. That the commissioners made their report to said Circuit Court, signed and sealed by four of them, in due form. That afterwards, on the 30th day of September 1871, said Circuit Court confirmed the report of the commissioners, and ordered the same to be recorded in the chancery order book of the Court, which was accordingly done in due form. An official copy of the proceedings of the Circuit Court in the matter of condemnation is filed with ths bill. The bill further alleges, that the Defendant has failed and refused to pay the said sum of $499.40, with interest from the date of the report, or any part thereof, either to the Plaintiff or into court. That on the 31st of May 1872, the Defendant entered upon the said land of Plaintiff with its agents and employees, and with horses, carts, plows &c. and commenced locating and constructing its railroad permanently thereon, and commenced to excavate and remove the soil and growing crops on said land, and threatens that it will continue its unauthorizad and unlawful work, waste and, destruction of said land without making compensation to the Plaintiff therefor. And the Plaintiff avers and says, that the Defendant through its officers, agents and servants in so entering upon said premises and so digging up, excavating and removing the soil, and wasting and destroying his said premises for the purpose of constructing said railroad has exceeded its authority, and is doing said premises great injury, and if permitted to continue its unauthorized and unlawful acts aforesaid, and to carry out its unlawful purposes as it threatens to do, it will do great and irreparable injury to his premises and estate, which cannot be adequately compensated in damages. The bill prays that an injunction be awarded, enjoining

62

the Defendant from further occupying or entering upon said premises, and carrying on the work for the construction of the said railroad thereon by its officers, agents or employees, and that the Defendant be restrained from entering upon any part of said premises by its officers, agents, servants or employees and doing any acts to the injury and damage of the Plaintiff, which it threatens, until the Defendant pays to Plaintiff or into court the said sum of $499.40 reported by the commissioners as the just compensation for the Plaintiffs land so appropriated, or sought to be appropriated, for the purpose of said railroad. And that unless the Defendant pays to Plaintiff the said sum with interest as aforesaid within twelve months from and after the date of the order of the Circuit Court requiring the said report to be recorded, then that the Defendant be perpetually enjoined. The bill is verified by the affidavit of Plaintiff. Upon this bill the Judge of the Circuit Court of Brooke county, on the 24th day of June 1872, awarded an injunction as prayed for, until other orders, the Plaintiff to first give bond in sum of $200, with security, conditioned for the payment of any costs or damages resulting from the order. Bond and security seems to have been given according to the order granting the injunction.

From the order of the Judge granting the injunction an appeal has been taken to this Court.

In considering and determining the questions arising in this cause, the bill being verified by affidavit, we are compelled to regard the allegations contained therein as being *prima facie* true. The injunction was awarded by the Judge in vacation, without notice to the Defendant, and the proceeding was altogether *ex parte*. Taking the allegations of the bill as being *prima facie* true, we think the bill shews on its face sufficient equity to authorize the granting of the injunction as it was allowed by the Judge of the Circuit Court.

This Court, in considering the appeal from the order granting the injunction, cannot consider any deposition

in the cause taken by the Appellant subsequent to the time when the order of injunction took effect.

For these reasons the order of the Judge of the Circuit Court of Brooke county, allowing the Plaintiff the injunction herein named, must be affirmed, and the Appellee recover his costs in this Court, and $30 damages against the Appellant; but this order of affirmance is without prejudice to the Appellant's right to appeal according to law, from any order or decree which was made in the cause by the Judge of the Circuit Court of Brooke county in vacation, or by said Circuit Court after the order granting said injunction, or which may hereafter be made therein ; and also without prejudice to any right of the Appellant hereafter to move to dissolve said injunction, or to take such other proceedings in the cause as are in accordance with the principles and rules of a court of equity.

And the cause must be remanded to the Circuit Court of Brooke county, for further proceedings therein to be had according to the rules governing courts of equity.

HOFFMAN, MOORE and PAULL, Judges, concur in the foregoing opinion.